# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Sidney I. Schenkier |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3904 | **DATE** | 11/15/2004 |
| **CASE TITLE** | Lewis vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the attached Memorandum Opinion and Order, The Court GRANTS plaintiff's motion to compel in part. The Court orders the City to produce the witness statements and names of potential witnesses contained within the CR file to plaintiff by November 23, 2004. That production will be on an attorney's eyes only basis. All matters relating to the referral having been resolved, the referral is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | NOV 16 2004 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 29 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| mm | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BILLIE RAY LEWIS, as Brother, Next Friend, and Special Administrator of CHRISTOPHER HICKS, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CHICAGO, *et al.*,<br><br>Defendants. | No. 04 C 3904<br>District Judge Conlon<br>Magistrate Judge Schenkier |

DOCKETED
NOV 1 6 2004

## MEMORANDUM OPINION AND ORDER

On November 2, 2004, the plaintiff, Billie Ray Lewis ("plaintiff"), filed a motion to compel production of the Complaint Register ("CR") file maintained by the City of Chicago's Office of Professional Standards ("OPS"), which contains information that OPS has been compiling from its investigation into the death of plaintiff's decedent; that death is the focus of this civil rights action under 42 U.S.C. § 1983. The information in the CR file includes witness statements as well as the possible identity of certain witnesses from whom statements have not been taken (Pl.'s Mot. at 1; City's Resp. at 2).

The motion was referred to this Court (doc. # 20); the Court heard oral argument on November 5, 2004. At that time, the defendant, City of Chicago ("City") opposed the motion on the ground that the information contained in the file is subject to an ongoing internal, disciplinary investigation into the death of plaintiff's decedent, and that the information plaintiff seeks is, therefore, privileged. The City also expressed the concern that the defendant officers, who have not yet been interviewed as part of the OPS investigation, might be able to shape their statements to investigators if they were able to see what other witnesses already said.



At that hearing, the Court recommended that the motion be resolved by an agreement between the parties that the only documents produced from the CR file would be written witness statements and the names of other potential witnesses who had not yet been interviewed, and that those materials would be subject to an "attorney's eyes only" limitation. Under that limitation, neither the plaintiff nor the defendant officers would be permitted to review the documents or be told of the information. While acceptable to the plaintiff, this proposal was not acceptable to the City, which now has responded in writing to the motion.

For the reasons discussed below, the Court finds that the motion should be granted, because the "law enforcement investigatory privilege" (the "privilege") asserted by the City must yield in this case to the plaintiff's need for disclosure of the materials contained in the CR file, a file that may contain evidence probative of plaintiff's civil rights claim under Section 1983.

I.

The privilege asserted by the City is not absolute. *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997). It arises under federal common law and is incorporated under Fed.R.Civ.P. ("Rule") 26(b), to prevent "'the harm to law enforcement efforts which may arise from public disclosure of . . . investigative files.'" *Hernandez v. Longini*, No. 96 C 6203, 1997 WL 754041, *3 (N.D. Ill., Nov. 13, 1997) (quoting *Black v. Sheraton Corp.*, 564 F.2d 531, 541 (D.C. Cir. 1977)).[1] "The purpose of this privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement

---

[1] The City has cited cases from Illinois recognizing the existence of this privilege and applying it to cases arising under state law. *See, e.g., In re Marriage of Daniels*, 607 N.E.2d 1255, 1265 (1st Dist. 1992); *Castro v. Brown's Chicken and Pasta, Inc.*, 732 N.E.2d 37, 47-48 (1st Dist. 2000). This Court is not bound by the holdings in those cases (and we do not find them necessarily helpful or instructive here) because this case arises under the Court's federal subject matter jurisdiction.

personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re Dept. of Investigation of City of New York*, 856 F.2d 481, 485 (2d Cir. 1988). However, the privilege

> can be overridden in appropriate cases by the need for the privileged materials. The balancing of that need – the need of the litigant who is seeking privileged investigative materials – against the harm to the government if the privilege is lifted is a particularistic and judgmental task. It is therefore confided to the discretion of the district judge, . . . .

*Dellwood*, 128 F.3d at 1125 (internal citations omitted).[2]

This balancing test takes place on the merits, but only after threshold procedural requirements have been met. "The party claiming the privilege . . . bears the burden of justifying application" of it. *Doe v. Hudgins*, 175 F.R.D. 511, 514 (N.D. Ill. 1997). *See also Hernandez*, 1997 WL 754041, at * 4. Thus, before a Court need consider the merits of whether the privilege applies, "the responsible official in the [governmental] department [asserting the privilege] must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why the information falls within the scope of the privilege." *Hernandez*, 1997 WL 754041, at * 4 (quoting *Pontarelli Limousine, Inc. v. City of Chicago*, 652 F. Supp. 1428, 1431 (N.D. Ill. 1987)). *See also Doe*, 175 F.R.D. at 514.

## II.

In this case, that threshold procedural requirement has not been satisfied. The City asserts the privilege in the context of its opposition brief. The assertion of the privilege in this manner is

---

[2]The Court notes that, although the Seventh Circuit framed the analysis as one that requires "balancing," it did not adopt the 10-factor test used in *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973), as some courts have done when presented with the assertion of this privilege. *See, e.g., Dellwood*, 128 F.3d at 1125; *Doe*, 175 F.R.D. at 515. We do not find the 10-factor test helpful or necessary to the balancing analysis in this case, and so we will not rely on it as the basis for the decision here.

3

simply not sufficient to comply with the requirements developed under the case law. In *Hernandez*, the district court ordered the government to comply with a subpoena requiring production of prosecutorial files in an underlying criminal prosecution, where the government asserted the privilege in a brief, but failed to have a responsible official assert the privilege and identify the need for it. *Id.* at *4. The district court found that, even if the brief in support of the government's motion to quash the subpoena were considered a formal assertion of the privilege, "there [was] no indication that a responsible official made the determination that the privilege [was] applicable in [that] case." *Id.* The district court concluded that the brief's assertion of the privilege fell "well short of the showing needed to justify protection of [the requested] documents under the law enforcement investigatory privilege." *Id.*

The same is true here: we have a brief filed by the City asserting the privilege, but no affidavit or other evidence indicating that a "responsible official" has determined that the privilege is applicable; nor do we have an explanation from such an official about why the information in the CR file falls within the scope of the privilege. This lack of particularity fails to show us why the documents should be protected by the privilege, and constitutes a procedural bar to the City's assertion of the privilege to block production of the CR file under Rule 26. *Hernandez*, 1997 WL 754041, at *4.

However, even if that procedural hurdle did not exist, and the merits are considered, the City's assertion of the privilege fails the balancing test. The balancing test requires the Court to assess the relative interest of the parties: the interest of the plaintiff in obtaining the documents or information and the interest of the City in keeping that information confidential. In assessing the

respective interests presented by the parties in this case, the Court finds that the balance tips heavily in favor of disclosure.

The plaintiff plainly has a strong interest in obtaining statements of witnesses that the City (through OPS) has identified as potentially having knowledge of events at issue here; this interest includes use of the statements when those witnesses are deposed or testify at trial. Similarly, plaintiff has a strong interest in obtaining the names of people who have not yet been interviewed, but who have been identified by OPS as potentially having knowledge; indeed, all of those names would have to be disclosed by the City (if they have not already been) in response to a properly framed interrogatory.

On the other hand, the City certainly has an interest in being able to pursue its independent investigation. However, to the extent that interest involves being free to assess the evidence, deliberate, and revise preliminary conclusions without fear of premature disclosure, that interest is satisfied by allowing the City to withhold from any production any assessments of the investigation to date, and by requiring only the names of witnesses and the witness statements to the disclosed. To the extent that the City is concerned that the officer defendants will be able to use knowledge of the witness statements to shape their own statements, that concern can be addressed by treating the information produced as attorneys' eyes only material.

The City says that the attorney's eyes only designation of the requested information does not alleviate its concerns. The City argues that disclosure of the witness statements and identities of witnesses who have not made statements, if revealed to the plaintiff's attorneys, would give information that those attorneys would use when taking the depositions of those witnesses in this litigation (City's Resp. at 7). Because the individual police officers who are named defendants in

plaintiff's lawsuit have the right to attend these witness depositions, the City fears that the named defendants will glean information that may alter their testimony in the OPS investigation and thus "compromise the integrity" of that investigation (*Id.*). In other words, the City's primary fear is that the CR file witnesses' deposition in the plaintiff's civil rights case will be taken *before* the depositions of the defendants (City's Resp. at 8).

The Court finds that this concern can be readily and practically addressed. All the City needs to do to address this concern is to set a deposition schedule that requires the individual defendants' depositions to be taken first, before those of the complaining witnesses. If that cannot be accomplished voluntarily, such an order is well within the power of the district court under Federal Rule of Civil Procedure 26(b).

The Court is aware that the Seventh Circuit has counseled that use of the Court's discretion to order production where the privilege has been asserted should be used sparingly when there is an ongoing criminal investigation. *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997). But, the City has not asserted that the OPS investigation is a criminal investigation, or that there exists any pending criminal investigation. To the contrary, it has argued that there should be no distinction between the disciplinary investigation here and a criminal investigation (City's Resp. at 7). The City has provided no case that supports that position, and on this record the Court rejects that position. As for the ongoing nature of the investigation, we have addressed the concern about interfering with the investigation by excluding from production any preliminary thoughts about or assessments of the investigation.

The Court finds that the production of the witness identification and statements from the CR file would not interfere with the investigation, but rather raises the issue of how to cure a collateral

problem that may arise from the production of that information, namely, what the individual defendants might do with the information if they learn of it. But, any concern about that kind of "interference" with the ongoing investigation can be prevented simply by scheduling the depositions so that the individual defendants go first.

## CONCLUSION

Thus, the Court finds that production of the CR file in this case should be compelled by the discretion given to us to apply Rule 26, a "broad federal mandate for discovery in all civil actions," *Doe,* 175 F.R.D. at 516, and to give effect to the policies underlying 42 U.S.C. § 1983. *Wood v. Breier,* 54 F.R.D. 7, 10 (E.D. Wis. 1972); *Doe,* 175 F.R.D. at 516. The Court reaches this conclusion having balanced the policies underlying Rule 26 and Section 1983 against the concerns expressed by the City. The Court concludes that the balance in this case favors production because the witness statements and names of potential witnesses do not reveal analysis done by OPS related to the statements; the defendant police officers will not be allowed to see the witness statements or learn the names of potential witnesses; and any concerns that the police officers who are targets of the investigation might learn the substance of the witness statements and/or the identities of the witnesses or potential witnesses can be addressed by scheduling the depositions of the police officers first, before those of the witnesses.

Accordingly, the Court GRANTS plaintiff's motion to compel in part. The Court orders the City to produce the witness statements and names of potential witnesses contained within the CR

file to plaintiff by November 23, 2004. That production will be on an attorneys' eyes only basis.

All matters relating to the referral having been resolved, the referral is hereby terminated.

                                  **ENTER:**

                          **SIDNEY I. SCHENKIER**
                          **United States Magistrate Judge**

**Dated: November 15, 2004**