

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BILLIE RAY LEWIS, as Brother, Next Friend, and Special Administrator of CHRISTOPHER HICKS, deceased, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF CHICAGO, and CHICAGO POLICE OFFICERS L. SOTO, Star 8403, A. PENA, Star 18513, ROBERT ARNOLTS, Star 19998, and BRIAN DEVAN, Star 3871, <br><br> Defendants. | No. 04 C 3904 <br> Honorable <br> Suzanne Conlon <br><br> **FILED** <br> JUN 20 2005 <br> MICHAEL W. DOBBINS <br> CLERK, U.S. DISTRICT COURT |

## MOTION TO STRIKE PLAINTIFF'S SECOND NOTICE OF DEPOSITION OF DR. JESSIE HALL

The defendants, Chicago Police Officers L. Soto, A. Pena, Robert Arnolts, and Brian Devan ("Defendants"), by their attorneys Robert W. Barber, Special Assistant Corporation Counsel, and Mary McDonald, Assistant Corporation Counsel, in support of their motion in opposition to deposing Dr. Jessie Hall a second time state as follows:

### INTRODUCTION

On April 26, 2005, this Court set the above-captioned case for trial on July 7, 2005. On June 14, 2005, less than one month before the commencement of trial and seven weeks after the trial date was set, the plaintiff notified the Defendants of his intention to introduce the testimony of his expert witness, Dr. Jessie Hall, via a pre-recorded, videotaped deposition in lieu of live trial testimony. The plaintiff for the first time informed the Defendants that Dr. Hall had planned a conference as well as a hunting

vacation during the time of trial. For the reasons set forth below, the Defendants oppose the taking of Dr. Hall's deposition a second time, as well as the videotaping of such.

## ARGUMENT

**A.  In seeking to take a second deposition of Dr. Jessie Hall without first obtaining leave of the Court, the plaintiff is in violation of the Federal Rules of Civil Procedure.**

Under the plain language of Federal Rule of Civil Procedure 30(a)(2)(B), a party is required to obtain leave of the court before taking a second deposition of a previously deposed witness. Fed. R. Civ. P. 30(a)(2)(B). Dr. Jessie Hall was first deposed for this trial on January 25, 2005. The plaintiff proposes to depose Dr. Hall a second time, with the purpose of videotaping his deposition for use at the upcoming trial, due to the fact that Dr. Hall plans to be on vacation during the time of the trial itself. The plaintiff has not sought leave of the Court for this second deposition, nor have the Defendants stipulated their agreement to such. See Fed. R. Civ. P. 30(a)(2). Without the Court's permission, or the written stipulation of the parties, the plaintiff cannot take a second deposition of Dr. Hall without violating the Federal Rules of Civil Procedure, and the plaintiff should be estopped from doing so. Allowing the plaintiff to depose Dr. Hall a second time would be costly to both parties in terms of time and expense; on the eve of trial, the unnecessary costs of a second deposition should not be forced upon the Defendants. In the event the plaintiff should seek leave of the Court to depose Dr. Hall a second time, it is the Defendants' position that such a request should be denied for the additional reasons stated below.

**B.   The plaintiff did not disclose the proposed deposition in his final pretrial order and has not shown good cause to overcome the mandated preference for live testimony stated by the Federal Rules of Civil Procedure.**

The plaintiff has communicated his intention to present the expert testimony of Dr. Jessie Hall via a pre-recorded, videotaped deposition in lieu of Dr. Hall's live testimony. This proposed videotaped deposition was never discussed in the Final Pre-Trial Order submitted to this Court. Footnote 5 to Local Rule 16.1.1 provides that items not listed will not be admitted unless good cause is shown. Furthermore, the plaintiff does not take due notice of the preference for live testimony in open court that is mandated by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 43(a). See also Griman v. Makousky, 76 F.3d 151, 153 (7th Cir. 1996) (noting "the strong preference of Anglo-American courts for live testimony"). In this case, Dr. Hall's medical testimony relates to a highly contested issue that is crucial to the final disposition of the case – the manner in which Christopher Hicks died. The jury's task of weighing expert testimony on this critical and complicated issue will be difficult in the best of circumstances. Denying the jury the opportunity to observe Dr. Hall's testimony in person can only add to the difficulty of this undertaking. Furthermore, to restrict the direct and cross-examination of Dr. Hall to a pre-recorded, videotaped deposition will hinder both parties' abilities to respond to issues that may arise at trial, further hampering the jury's task of ascertaining the true cause of Mr. Hicks' death. Although Rule 43(a) grants deference to other areas of federal law that specifically address the use of deposition testimony at trial, stating that "the testimony of witnesses shall be taken in open court unless a federal law, these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court provide otherwise," the plaintiff has offered no justifiable reason for overcoming the Rules'

3

baseline preference for live testimony. The Federal Rules' stated preference for live testimony at trial should thus be upheld, and the plaintiff should not be allowed to take a second deposition of Dr. Hall for use at trial.

C. **Under Federal Rule of Civil Procedure 32(a)(3), Dr. Jessie Hall is not unavailable for trial; therefore, his deposition testimony should not be allowed in lieu of live testimony.**

Although the plaintiff has yet to articulate his legal justification for the use of Dr. Hall's deposition testimony at trial, Federal Rule of Civil Procedure 32(a) generally governs such actions. Under this Rule, Dr. Hall's deposition testimony can only be used in lieu of live testimony if the court finds that he is unavailable for trial. See Fed. R. Civ. P. 32(a)(3). Rule 32(a)(3) outlines four circumstances in which a witness can be found unavailable for trial, as well as an additional catchall provision that takes "exceptional circumstances" into account. Fed. R. Civ. P. 32(a)(3)(A)-(E). See also 7 James Wm. Moore et al., Moore's Federal Practice ¶ 32.28[3] (3d ed. 2005). The only category that shows any relevancy to Dr. Hall's situation is Part B: "that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States." Dr. Hall has not been shown to be dead (Part A), unable to attend or testify because of age, illness, infirmity, or imprisonment (Part C), or unresponsive to a subpoena served on him by the plaintiff (Part D). Furthermore, "mere business convenience prompting the witness's absence" does not constitute exceptional circumstances. 7 James Wm. Moore et al., Moore's Federal Practice ¶ 32.28[2] (3d ed. 2005).

The distance requirement set forth in Part B, however, generally refers to the residence of a witness, not to vacations that are planned during the time set for trial. See generally Nanda v. Ford Motor Company, 509 F.2d 213, 224 (7th Cir. 1974); Ikerd v.

4

Lapworth, 435 F.2d 197, 204–05 (7th Cir. 1970); Stewart v. Meyers, 353 F.2d 691, 696 (7th Cir. 1965). Dr. Hall both lives and works in Chicago, and in that respect is in no way "unavailable" under Rule 32(a)(3)(B). The circumstances surrounding Dr. Hall's conference and vacation are unknown to the Defendants; either Dr. Hall planned his trip after the trail date had already been set, or the plaintiff agreed to a trial date for which his own expert witness had a pre-arranged conflict of dates, but did not inform the Defendants of this conflict until weeks later. In either scenario, this conflict is between the plaintiff and his own witness. Arguing that Dr. Hall is unavailable for trial is simply unfounded. It is the plaintiff's burden to provide the legal justification for admitting deposition testimony at trial. Rascon v. Hardiman, 803 F.2d 269, 277 (7th Cir. 1986). Since Dr. Hall is, in fact, available for trial, his deposition testimony cannot be introduced under this Rule.

**D.    Alternatively, even if Dr. Hall is found to be unavailable for trial, his deposition testimony should not be admitted for use at trial because it is hearsay evidence that does not fall under any exception under the Federal Rules of Evidence.**

Even if Dr. Hall is found to be unavailable for trial, Rule 32(a) also requires that deposition testimony must be admissible under the Federal Rules of Evidence. Fed. R. Civ. P. 32(a). Although the Federal Rules of Evidence require the exclusion of hearsay evidence in general, as Dr. Hall's out-of-court statements would be considered, they carve out an exception for prior testimony under 804(b)(1). Fed. R. Evid. 804(b)(1). However, this type of former testimony is only admissible if a witness is unavailable *and* "the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Fed. R. Evid. 804(b)(1). In this case, the pre-trial motives of the Defendants are likely to change in

5

reaction to unanticipated developments that occur in the course of the trial. Forcing the Defendants to prematurely limit their cross-examination of Dr. Hall to questions asked during a pre-recorded deposition would unduly prejudice the presentation of the Defendants' case at trial, especially as the plaintiff would not be equally restricted in his cross-examination of Defendants' witnesses. It is highly unlikely that the Defendants will be able to anticipate every question they might want to ask Dr. Hall at trial. Since the Defendants necessarily will have different motives behind the questions they would ask Dr. Hall pre-trial and those they would ask during trial, Rule 804(b)(1) does not apply, and Dr. Hall's deposition testimony should be excluded as hearsay evidence.

E.  **Alternatively, should the Court determine Dr. Hall is unavailable for trial and his deposition testimony appropriately falls under the Federal Rule's exceptions to hearsay, there is no demonstrable need to take a second deposition, as Dr. Hall's deposition testimony is already on record.**

Dr. Hall's testimony has already been taken in deposition form on January 25, 2005, in connection with this case. Should the Court determine that it is appropriate to replace Dr. Hall's live testimony with former testimony in the form of a prior deposition, there is no justifiable reason to require a new, second deposition to be taken. Taking a second deposition would increase the burden to both parties in terms of time and expense – a cost that becomes heavier as the trial approaches. Additionally, allowing the plaintiff's witness to participate in a second deposition is prejudicial to the Defendants, as Dr. Hall will have had a "practice round," as it were, and his answers may change depending upon which deposition is used to replace the witness's in-court testimony. To avoid this possibility, the parties and the Court should admit the first deposition as a reliable representation of Dr. Hall's out-of-court statements. With no demonstrable need for a second deposition of Dr. Hall, allowing the plaintiff to take a second deposition

6

would be prejudicial to Defendants and a waste of time and money for all parties involved.

## CONCLUSION

For the reasons stated above, the Defendants argue that it would be costly, prejudicial, and against the Federal Rules of Civil Procedure and the Federal Rules of Evidence to allow the plaintiff to take a second deposition of Dr. Hall's testimony. The Defendants respectfully request that the Court strike the plaintiff's second notice of deposition of Dr. Jessie Hall.

**Date:** June 20, 2005.

Respectfully submitted,

By: *Robert W. Barber /mm*
Robert W. Barber
Special Assistant Corporation Counsel
30 N. LaSalle St.
Suite 1400
Chicago, IL 60613
(312) 744-5890

By: *Mary McDonald*
Mary McDonald
Assistant Corporation Counsel
30 N. LaSalle St.
Suite 1400
Chicago, IL 60613
(312) 744-8307

## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing **DEFENDANT OFFICERS NOTICE TO STRIKE THE SECOND DEPOSITION OF DR. JESSIE HALL** to be faxed and mailed to the address therein shown, on June 20, 2005.

_Robert Barber/mac_
Robert Barber
Special Assistant Corporation Counsel
Attorney for the Individual Defendants

_Mary McDonald_
Mary McDonald
Assistant Corporation Counsel
Attorney for the Individual Defendants.