IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BILLIE RAY LEWIS, as Brother, Next Friend, and Special Administrator of CHRISTOPHER HICKS, | ) ) ) | |
| Plaintiff, | ) ) | No. 04 C 3904 |
| v. | ) ) | Judge Conlon |
| CITY OF CHICAGO, et al., | ) ) | Magistrate Judge Schenkier |
| Defendants. | ) ) | |

## RELEASE AND SETTLEMENT AGREEMENT

Plaintiff Billie Ray Lewis ("Plaintiff"), as special administrator for the estate of Christopher Hicks (deceased), by one of his attorneys, Daniel S. Alexander of Smith, Coffey, & Alexander, Ltd., defendants Louis Soto, Robert Arnolts, Artemio Pena, and Brian DeVan (collectively "the individual defendants"), by one of their attorneys, Special Assistant Corporation Counsel Robert W. Barber, and defendant City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation Counsel, herein stipulate and agree to the following:

1. This action has been brought by Plaintiff against the City and the individual defendants, and makes certain allegations contained in Plaintiff's Complaint.

2. The City and the individual defendants deny each and every allegation of wrongdoing as stated in Plaintiff's Complaint, and, further, deny liability.

3. The parties and their respective attorneys acknowledge that settlement of this claim is not an admission of liability, or of unconstitutional or illegal conduct by, or on the part of, any defendant, and/or the City's future, current or former officers, agents and employees, and shall not serve as evidence or notice of any wrongdoing by or on the part of any defendant and/or

the City's future, current or former officers, agents and employees. The parties and their respective attorneys further acknowledge that settlement is made to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy. Plaintiff and his attorneys agree that they, or any firm with which said attorneys are affiliated, or with which said attorneys may later become affiliated, shall not use this settlement as notice of misconduct on the part of any defendant and/or the City's future, current or former officers, agents and employees, or for any other purpose in any other litigation, and that any such use is inconsistent with the terms of this Release and Settlement Agreement.

4. In consideration of the hereinafter indicated settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, Plaintiff agrees to dismiss all of his claims against the City and the individual defendants, with each side bearing its own costs and attorneys' fees. Plaintiff agrees that he will be required to execute this Release and Settlement Agreement prior to the City's presentation of the settlement agreement to the Chicago City Council's Finance Committee and the Chicago City Council and that Plaintiff's offer to settle on these terms shall not be revoked or otherwise repudiated unless the Chicago City Council's Finance Committee or the Chicago City Council rejects the settlement agreement. Upon approval of the settlement by the Chicago City Council, Plaintiff agrees to an order dismissing with prejudice all of his claims against the City and the individual defendants, with each side bearing its own costs and attorneys' fees.

5. Plaintiff accepts a settlement from defendant, City of Chicago, in the total amount of THREE MILLION FIVE HUNDRED THOUSAND ($3,500,000.00) DOLLARS, with each side bearing its own costs and attorneys' fees.

6.  The City's obligations pursuant to this Release and Settlement Agreement are conditioned upon approval of the settlement agreement by the Chicago City Council. The City will not be obligated to perform its obligations pursuant to this Release and Settlement Agreement until the following events occur: 1) The City receives a copy of this Release and Settlement Agreement executed by Plaintiff and one of his attorneys; 2) enactment of an ordinance by the Chicago City Council authorizing settlement and payment of the funds agreed upon in this Release and Settlement Agreement; and 3) the City receives an Agreed Order from the Court dismissing with prejudice all of Plaintiff's claims against the City and the individual defendants, with each side bearing its own costs and attorneys' fees.

7.  The City agrees to pay Plaintiff the total settlement amount within sixty (60) days after receipt by the Corporation Counsel's Office of a file-stamped copy of the Agreed Order of Dismissal. This sum shall be payable solely by the City, and Plaintiff, and/or his attorneys, agree that they will not seek payment from any source other than the City. The settlement check will be made payable to Plaintiff, his attorneys, and lien claimants, if any, of which the City has notice.

8.  In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, Plaintiff agrees to indemnify and hold harmless the City, and its future, current, or former officers, agents and employees including, but not limited to, the individual defendants, from any claims, losses, damages or expenses, including attorneys' fees and costs, incurred, or which may be incurred, by reason of any lien or any other claim or interest held by any person, entity or corporation against any moneys received or to be received by Plaintiff under this settlement entered pursuant to this Release and Settlement Agreement.

9. Plaintiff, upon advice of counsel, understands and agrees that in consideration of the settlement entered pursuant to this Release and Settlement Agreement, he does hereby release and forever discharge on behalf of himself and his heirs, executors, administrators and assigns, all claims he had or has against the individual defendants, the City, and the City's future, current or former officers, agents and employees, including but not limited to all claims he had, has, or may have in the future, under local, state, or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation, and that such release and discharge also is applicable to any and all unnamed and/or unserved defendants.

10. This Release and Settlement Agreement and any documents that may be executed under paragraph 12 herein contain the entire agreement between the parties with regard to the settlement of this action, and shall be binding upon and inure to the benefit of the parties hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

11. This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

12. In entering into this Release and Settlement Agreement, Plaintiff represents that he has relied upon the advice of his attorneys, who are the attorneys of his own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to him by his attorneys, and that those terms are fully understood and voluntarily accepted by Plaintiff. Plaintiff also represents and warrants that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that he and his attorneys

have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified herein, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

13. All parties agree to cooperate fully and to execute a Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

X _____
Plaintiff Billie Ray Lewis
Address: 1050 AUGUSTA ST
OAK PARK IL 60302-1667

*SSN: _____

*Providing SSN is voluntary

_____
Daniel S. Alexander
Smith, Coffey, & Alexander, Ltd.
Attorneys for Plaintiff Billie Ray Lewis
119 N. Peoria, Ste. 3a
Chicago, IL 60607
(312) 850-2600
Attorney No. _____

DATE: SEPT. 22, 2005

Respectfully submitted,

Mara S. Georges
Corporation Counsel for the City of Chicago

BY: _____
Christopher M. Murray
Assistant Corporation Counsel
30 N. LaSalle St., Ste. 700
Chicago, IL 60602
(312) 744-6648
Attorney No. 6244700

_____
Robert W. Barber
Special Assistant Corporation Counsel
Attorney for the Individual Defendants
30 N. LaSalle St., Ste. 1400
Chicago, IL 60602
(312) 744-5890
Attorney No. 0110280

DATE: 9/26/05

5